**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
*Marcos Gonzalez*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS GONZALEZ,<br><br>          Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A. and THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION.<br><br>          Defendants. | Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>I. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.; ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ;<br>II. THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.; and<br>III. THE CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §§ 1798.92 ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

///
///
///
///

- 1 -
COMPLAINT

# INTRODUCTION

1. Plaintiff Marcos Gonzalez ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Citibank, N.A. ("Citibank") and The Moore Law Group, A Professional Corporation ("TMLG"), for attempting to collect a debt not incurred or owed by Plaintiff, and causing Plaintiff damages, in violation the Fair Debt Collection Practices Act. 15 U.S.C. §§ 1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA"); and the California Identity Theft Act, Cal. Civ. Code §§ 1798.92, et seq. ("CITA").

2. Plaintiff is a victim of identity theft. An unauthorized individual accessed Plaintiff's personal identifying information (or "PII") and opened a Citibank Mastercard Account, issued and/or serviced by Citibank ending in 8460 (the "Account").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a defendant's name in this Complaint includes all of its agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

7. In enacting the California's Identity Theft Act, Cal. Civ. Code §§ 1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and

dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code § 1798.1(a), (c).

8. CITA provides that "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." (Cal. Civ. Code. § 1798.93(a).) A claimant is someone "who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." (*Id.* § 1798.92(a).) A victim of identity theft is "as person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard." (*Id.* § 1798.92(d).) Additionally, a victim of identity theft is entitled to a civil penalty of up to $30,000 if the victim shows that: 1) at least 30 days prior to filing a court case the victim provided written notice to the claimant that a situation of identity theft might exist and explain the basis for that belief, 2) the claimant failed to diligently investigate the victim's notification of a possible identity theft, and 3) the claimant continued to pursue its claim after it was presented with facts that were later held to entitle the victim to a judgment pursuant to CITA. (*Id.* § 1798.93(c).) Other remedies available to a CITA victim include actual damages, attorneys' fees and costs, and any equitable relief that the court deems appropriate.

9. The California legislature has also determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The legislature has further determined that there is a need to ensure that debt collectors exercise this

responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *See* Cal. Civ. Code §§ 1788.1 (a)-(b).

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for state claims.

11. This action arises out of Defendants' violations of (1) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (FDCPA), (2) Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (RFDCPA); and (3) California Identity Theft Act, Cal. Civ. Code §§ 1798.92, et seq. (CITA).

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in or arose from within this district because Defendant(s): (a) are authorized to conduct business in this district and has intentionally availed themselves of the laws and markets within this district; (b) does substantial business within this district; (c) is subject to personal jurisdiction in this district because they have availed themselves of the laws and markets within this district; and (d) harm to Plaintiff originated from this district.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Riverside, in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

15. Defendant Citibank is a national bank association with numerous

locations nationwide, including throughout the State of California and within just judicial district, and a corporate headquarters and/or principal place of business located in New York, New York.

16. Defendant TMLG is a law firm incorporated under the laws of the State of California with a corporate headquarters and/or principal place of business located in Santa Ana, California. In the ordinary course of its business operations, TMLG regularly performs debt collection activities, including debt collection communications and debt collection litigation, in efforts to collect consumer debts on behalf its clients.

17. Both Defendants are each a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) because they regularly use the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts arising from consumer credit transactions, including from consumers in the State of California.

18. Defendant TMLG is a person who uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

19. This case involves, money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

20. In or around August 2022, unbeknownst to Plaintiff, an unauthorized third party used Plaintiff's personal information and opened a Citibank Mastercard Account, issued and/or serviced by Citibank ending in 8460 (the "Account"), and made numerous unauthorized transactions, fraudulently incurring debt in Plaintiff's name without Plaintiff's knowledge or consent.

21. Sometime thereafter, the Account began incurring an unpaid balance (the "Debt").

22. The Debt was money, property, or their equivalent, which were due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d), and "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

23. Sometime thereafter, Defendant Citibank engaged Defendant TMLG and directed them to pursue collection activities on Citibank's behalf related to the alleged debt claimed to be owed by Plaintiff.

24. On or around August 23, 2023, Citibank, by and through its collection attorneys at The Moore Law Group, filed a collection lawsuit in Los Angeles County Court entitled Citibank, N.A. v. Marcos Gonzales, Case no. 23NWLC24640 (the "Lawsuit"), in an attempt to collect the Debt, in an amount of $18,151.93 in addition to the costs of suit.

25. Through the Lawsuit, Defendant Citibank purported to have a claim and/or have attempted to collect money from and/or maintained an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" under Cal. Civ. Code § 1798.92(a).

26. After August 23, 2023, Plaintiff received notice of/ was served with the summons and complaint from the Lawsuit.

27. Concerned by the Lawsuit and the Debt which he had no knowledge of, Plaintiff sought legal advice with Kazerouni Law Group, APC, and retained their legal services.

28. On or around December 6, 2023, Plaintiff filed a police report with the local Riverside Police Department, stating that Plaintiff had been served with the Lawsuit and, after reviewing the service papers, realized that the Lawsuit was for a debt associated with a Citibank account which was not opened nor used by Plaintiff.

Plaintiff's police report further stated that his name was did not match the name on the Lawsuit and supporting documentation, that the address listed in the Lawsuit (14341 Ibex Ave, Norwalk, California 90650) was not his address, and that he had been a victim of identity theft in 2018.[1]

29. Plaintiff is informed and believes and thereon alleges that the unknown fraudster who stole Plaintiff's identity in 2018 opened the Account.

30. Also on December 6, 2023, Plaintiff filed an Identity Theft Report with the Federal Trade Commission.

31. On January 9, 2024, Plaintiff filed another Identity Theft Report with the Federal Trade Commission.

32. Plaintiff disputed the debt on numerous occasions to no avail.

33. On January 11, 2024, Plaintiff, through Plaintiff's counsel, filed his Answer to the complaint in the Lawsuit, generally denying Defendants' allegations and setting forth several defenses, among them, importantly, that Defendants' Complaint sought "to collect a debt from [Plaintiff] despite notice to [Citibank] that [Plaintiff] is the 'victim of identity theft' as defined by Cal. Civ. Code §§ 1798.92, et seq. who had disputed fraudulent or unauthorized charges on the account at issue."

34. On January 12, 2024, Plaintiff, through Plaintiff's counsel, informed Defendants via email that Plaintiff was a victim of identity theft, that the Account and the Debt were not Plaintiff's, and requested that the Lawsuit be dismissed, as Defendants had erroneously sued the wrong person. Pursuant to Cal. Civ. Code § 1798.93(c)(5), Plaintiff's counsel provided Defendant TMLG with Plaintiff's FTC identity theft report.

35. The notices and disputes to Defendants were a full Identity Theft Notification ("IDTN") in accordance with Cal. Civ. Code § 1798.93(c)(6)(a-c), putting Defendants on notice that Plaintiff was a victim of identity theft and

---

[1] The 14341 Ibex Ave address was also used by the unknown fraudster in 2018.

Defendants' Lawsuit was attempting to collect a fraudulent debt which was not incurred or owed by Plaintiff.

36. On January 19, 2024, Plaintiff, through Plaintiff's counsel, sent Defendants Plaintiff's December 2023 police report, again requesting that the Lawsuit be dismissed.

37. On February 7, 2024, despite having sent Plaintiff's IDTN on January 12, 2024, Plaintiff received a letter from Defendants requesting further information regarding Plaintiff's claim of identity theft. The letter further requested that Plaintiff provide a written declaration of fraud, in addition to an FTC identity theft report and police report.

38. Cal. Civ. Code § 1798.93(c)(5) provides, "if the person submits an FTC identity theft report, the claimant shall not also require a DMV or police report."

39. Despite the fact that Plaintiff had sufficiently provided notice of Plaintiff's claim of identity theft to Defendants, Plaintiff complied with Defendants' requests and once again sent Defendants (i) Plaintiff's FTC identity theft reports, (2) Plaintiff's December 2023 police report, and (3) Plaintiff's written declaration of fraud on or around February 7, 2024.

40. On April 15, 2024, Plaintiff's counsel sent a follow up email to Defendant TMLG, once again requesting that the Lawsuit be dismissed.

41. On April 16, 2024, Defendant TMLG informed Plaintiff's counsel that Defendant TMLG would discuss the matter with Defendant Citibank and provide Plaintiff with a response to their investigation into Plaintiff's IDTN.

42. On April 23, 2024, Plaintiff's counsel sent a follow up email to Defendant TMLG, requesting an update on the investigation into Plaintiff's IDTN.

43. On April 25, 2024, Plaintiff's counsel sent another follow up email to Defendant TMLG, requesting an update on the investigation into Plaintiff's IDTN.

44. On July 16, 2024, Defendants mailed to Plaintiff's counsel a letter notifying Plaintiff of the upcoming trial in the Lawsuit and "encouraged the parties to meet and confer prior to the Trial."

45. On July 17, 2024, Defendants mailed to Plaintiff's counsel "Notice of Trial" in the Lawsuit.

46. On July 18, 2024, Plaintiff's counsel sent yet another follow up email to Defendant TMLG, requesting an update on the investigation into Plaintiff's IDTN.

47. Defendant never provided a response despite the continuous notices and follow ups form Plaintiff's counsel.

48. On July 19, after receiving Defendants' letter and "Notice of Trial" Plaintiff's counsel called Defendant TMLG and left a message—which has never been returned—and emailed Defendants once more regarding the dismissal of the Lawsuit and the identity theft.

49. On again on July 23, 2024, Plaintiff's counsel sent a follow up email to Defendant TMLG, requesting an update on the investigation into Plaintiff's IDTN.

50. On July 24, 2024, Defendant TMLG sent Plaintiff's counsel an email but di did not address Plaintiff's claim of identity theft.

51. On July 24, 2024, Plaintiff's counsel responded to Defendant TMLG's email, requesting that the Lawsuit be dismissed, as they were collecting an amount to owed by Plaintiff and it was due to identity theft—the Account was never opened by Plaintiff.

52. As of the date of the filing of this complaint, Defendants have not provided Plaintiff nor Plaintiff's counsel with a response to Plaintiff's IDTN.

53. Further with the little information Defendants provided in the Lawsuit in the form of billing statements it was even more evident that the Account and Debt was not Plaintiff's as there were charges with other people's names—who are not Plaintiff and Plaintiff does not know.

54. Further the billing statements had the Ibex address in Norwalk, CA, and a lot of the charges are in Norwalk—Plaintiff has never lived in Norwalk, CA.

55. Defendants were notified several times by Plaintiff that he was a victim of identity theft, that the Account was not opened nor used by Plaintiff and that the debt claimed to be owed by Plaintiff was fraudulently incurred without his knowledge or consent, yet Defendants still continued with their collection activities and further attempts to collect the debt from Plaintiff.

56. After several months of Plaintiff's counsel requesting that Defendants dismiss the Lawsuit, to no avail, Plaintiff had no choice but to file this action to prevent further violations of the law by Defendants.

57. Through the above conduct, Defendants continued to pursue Defendants' claims against Plaintiff, a victim of identity theft, in their attempts to collect an alleged debt claimed to be owed by Plaintiff after Defendants were presented with facts that entitle Plaintiff, as a victim of identity theft, to a judgment in his favor pursuant to Cal. Civ. Code § 1798.93.

58. Through the above conduct, business practices, and/or and omissions, Defendants failed to diligently investigate Plaintiff's notifications that a situation of identity theft may exist and explaining the basis for that belief.

59. Plaintiff brings this action, *inter alia*, to establish that Plaintiff is a victim of identity theft in connection with Defendants claims against Plaintiff in Defendants' Lawsuit pursuant Cal. Civ. Code, § 1798.93(a).

60. Had Defendants diligently investigated Plaintiff's notifications that a situation of identity theft might exist and explaining the basis for that belief with regard to the Account and specifically the alleged debt claimed to be owed in the Lawsuit against Plaintiff, rather than continuing to pursue the Lawsuit in further attempt to collect the alleged debt, Plaintiff would not have incurred additional damages resulting from being forced to retain counsel and incur legal fees and court fees to defend herself in response to Defendants' Lawsuit.

61. Through the above conduct and communications, Defendants engaged in conduct in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(10) by attempting to collect an amount on an alleged debt that not incurred or owed by Plaintiff, falsely representing the amount the Plaintiff owed, and by using false or misleading representations or means in connection with the collection of the alleged debt. These sections of the FDCPA are incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, through the above conduct and communications, Defendants have also violated Cal. Civ. Code § 1788.17.

62. Through the above conduct and communications, Defendants engaged in conduct in violations of 15 U.S.C. §§ 1692f and 1692f(1) by using unfair or unconscionable means in attempt to collect an alleged debt and attempting to collect an alleged debt from Plaintiff not authorized by the agreement creating the debt or permitted by law. These sections of the FDCPA are incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, through the above conduct and communications, Defendants have also violated Cal. Civ. Code § 1788.17.

63. Through the above conduct and communications, Defendants also engaged in collection activities in violation of 15 U.S.C. § 1692d by engaging in conduct which the natural consequence is which to harass, oppress, or abuse, as Plaintiff provided ample and repeated notice that Plaintiff was a victim of identity theft who was not responsible for the alleged debt Defendants claimed to be owed by Plaintiff. This section of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, through the above conduct and communications, Defendants have also violated Cal. Civ. Code § 1788.17.

64. Through the above-alleged actions and communications, Defendants have engaged in conduct and collection activities which constitute numerous violations of the FDCPA and/or RFDCPA and/or CITA and/or UCL and/or negligence.

65. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with its debt collection activities, Plaintiff has suffered actual damages, invasion of privacy, and mental anguish by way of embarrassment, shame, anxiety, fear, stress, and feelings of despair over Defendants' continued unlawful, unfair, and/or negligent pursuit of claims and abusive debt collection activities against Plaintiff in violation of the FDCPA and/or RFDCPA and/or CITA.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692, ET SEQ. ("FDCPA")

### [Against Defendant TMLG]

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions by Defendant TMLG constituted numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

68. As a result of Defendant TMLG's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

69. As a result of Defendant TMLG's violations of the FDCPA, Plaintiff is entitled to statutory in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

70. As a result of Defendant TMLG's violations of the FDCPA, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

///
///
///

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788, ET SEQ. ("ROSENTHAL ACT")

**[Against both Defendants]**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions by Defendants constitute numerous and multiple violations of the Rosenthal Act.

73. As a result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a).

74. As a result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against each Defendant.

75. As a result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## COUNT III

## VIOLATION OF THE CALIFORNIA IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.93 ("CITA")

**[Against Defendant Citibank]**

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions of Defendant Citibank constitute numerous and multiple violations of CITA.

78. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft because Plaintiff's personal information was used by an unauthorized third party to open an unauthorized account with Citibank, to make fraudulent transactions and purchases, incurring an alleged debt that Defendant Citibank

claimed was owed by Plaintiff, despite Plaintiff's numerous disputes of the alleged debt and notice to Defendant Citibank that the debt was fraudulently incurred, and Plaintiff was a victim of identity theft.

79. Plaintiff provided written notices to Defendant Citibank that a situation of identity theft existed as to the Account, including the alleged debt and transactions on the account at issue in the Lawsuit, and Plaintiff's notice to Defendant Citibank included a copy of Plaintiff's police report, among other supporting information and documents, regarding such identity theft.

80. Upon information and belief, Defendant Citibank failed to diligently investigate Plaintiff's notification of identity theft. Defendant Citibank received a IDTN from Plaintiff, but failed to adequately investigate Plaintiff's fraud and identity theft dispute and chose to continue to pursue to attempt to collect the alleged debt claimed to be owed by Plaintiff.

81. Defendant Citibank continued to purport to have a claim or interest in collecting the debt incurred as a result of identity theft from Plaintiff even after Defendant Citibank was presented with the facts that entitle Plaintiff to a judgment in his favor pursuant to Cal. Civ. Code § 1798.93.

82. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00 from Defendant Citibank pursuant to Cal. Civ. Code § 1798.93(c)(6).

83. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant Citibank with regard to the alleged debt or on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any claim to payment, security interest or other interest Defendant Citibank purportedly have for the fraudulent Account and alleged Debt are void and unenforceable under Cal. Civ. Code §

1798.93(c)(2); an injunction restraining Defendant Citibank from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and in favor of Plaintiff as follows:

a) An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant TMLG;

b) An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant TMLG;

c) An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant TMLG;

d) An award of actual damages pursuant to California Civil Code § 1788.30(a) against each of the Defendants separately;

e) An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against each of the Defendants separately;

f) An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) against each of the Defendants separately;

g) Actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

h) An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);

i) A civil penalty of up to $30,000.00 against Defendant Citibank, pursuant to Cal. Civ. Code § 1798.93(c)(5);

j) Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1798.93(c)(5);

k) A declaration that Plaintiff is not obligated to Defendant Citibank with regard to the Lawsuit or on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1) as Plaintiff is a victim of identity theft in connection with Defendant Citibank's claims against Plaintiff;

l) A declaration that any security interest, or other interest, Defendant Citibank purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);

m) The dismissal with prejudice of any action filed by Defendants which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);

n) An injunction restraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);

o) An award of punitive damages, in an amount to be determined at trial;

p) Any other relief deemed just and proper including interest.

## DEMAND FOR JURY TRIAL

84. Plaintiff hereby demands a trial by jury of any and all triable issues.

Dated: August 1, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _/s/Gustavo Ponce_
David J. McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
*Attorneys for Plaintiff*